[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2009
THOMAS K. KAHN
CLERK

----------------------------------------

No. 08-10241
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 06-00523-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE CHARLES DUFFY,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

(February 3, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Jermaine Charles Duffy appeals his conviction and 300-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

On appeal, Duffy argues that admission of uncharged burglary evidence was prejudicial and irrelevant to his felon-in-possession charge. At trial, the government introduced the following evidence about an attempted burglary of the Broxterman home: (1) a 911 call made by Rockeya Wilson -- who was baby-sitting the Broxtermans' three children -- reporting that a black male wearing a red-hooded sweatshirt was trying to break into her car and, later, into the Broxtermans' house; (2) 911 calls made by Mr. and Mrs. Broxterman also reporting the break-in and giving their home address; (3) radio traffic between the 911 operator and the police about the burglar's description; (4) testimony by the Broxtermans about the layout of their neighborhood; (5) testimony by an officer dispatched to the Broxterman residence about damage done to the front door by the burglar; and (6) testimony by another officer who saw Duffy on a bicycle wearing a red-hooded sweatshirt in the Broxtermans' neighborhood and who ordered his arrest.[1]

---

[1]When Duffy saw the officer, he looked shocked and took off his sweatshirt. Later, when the officer retrieved the sweatshirt, a gun fell out of it.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006). Evidence of uncharged criminal activities generally is considered inadmissible extrinsic evidence under Fed.R.Evid. 404(b). But evidence of uncharged crimes is not extrinsic under Rule 404(b) if it is (1) an uncharged offense that arose out of the same transaction as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence about the charged offense. United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004) (citation omitted). And an uncharged crime about the chain of events explaining the context, motive and set-up of the crime properly is admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998) (citation and quotation omitted).

Here, the burglary evidence was necessary to complete the story of the felon-in-possession crime and explain the sequence of events leading up to Duffy's arrest. The evidence explained why police were in the neighborhood and why they stopped Duffy. See Wright, 392 F.3d at 1276 (concluding that evidence of defendant's resistance to arrest and battery on a law enforcement officer before the discovery of the firearm giving rise to his felon-in-possession charge gave "the

3

jury the body of the story, not just the ending").

While parts of the burglary evidence may have prejudiced Duffy by showing fear in Wilson and the Broxtermans, we conclude that the district court acted within its proper discretion in concluding that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. See Fed.R.Evid. 403; United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) (in reviewing Rule 403 issues, we will conclude that the district court abused its discretion only if, in looking at the evidence in the light most favorable to its admission, the decision to admit the evidence over a Rule 403 challenge is unsupportable).[2]

Duffy next argues that the district court abused its discretion in denying his motion for a mistrial. Before trial, the district court granted Duffy's motion in limine to exclude evidence about his post-arrest attempted escape. At trial, Duffy asked Officer Michael Giugliano on cross-examination whether there was a use of force report prepared about Duffy being run over on his bicycle by officers on the night of his arrest. Officer Giugliano responded that there was not, but that a use of force report had been prepared about Duffy being pepper sprayed when he

---

[2]Duffy contends that the government could have proven its case without certain information about the uncharged conduct, including the ages of the Broxtermans' children and the damage done to the front door. But the government was not required to proffer only enough evidence to allow the jury to convict. United States v. Fortenberry, 971 F.2d 717, 722 (11th Cir. 1992).

attempted to escape from the precinct after his arrest. On redirect examination, Giugliano again mentioned that Duffy had attempted to escape from the precinct. Duffy moved for a mistrial based on these comments; but the district court determined that Duffy had opened the door to this questioning, denied the motion, and issued a limiting instruction to the jury.

We review the denial of a motion for a mistrial for an abuse of discretion. United States v. Tampas, 493 F.3d 1291, 1303 (11th Cir. 2007). "Typically, a defendant is entitled to a grant of mistrial only upon a showing of substantial prejudice." United States v. Ettinger, 344 F.3d 1149, 1161 (11th Cir. 2003).

We will assume that the district court incorrectly concluded that Duffy opened the door to questioning about his attempted escape: his question to Officer Giugliano was not about a use of force report on his attempted escape but was about a separate incident. Still, we conclude that Duffy has not shown substantial prejudice entitling him to a mistrial. Officer Giugliano mentioned Duffy's attempted escape from the precinct only twice briefly in his otherwise lengthy testimony. And the district court issued an extensive curative instruction admonishing the jurors to disregard the references to escape because it was not an issue for them to decide and was irrelevant to their deliberations. See United States v. Harriston, 329 F.3d 779, 787 n.4 (11th Cir. 2003) (explaining that

5

"[w]hen a curative instruction has been given to address some improper and prejudicial evidence, we will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition") (internal quotation omitted).

In his final argument, Duffy contends that the district court abused its discretion in allowing Wilson and the Broxtermans to testify at his sentencing hearing about how the burglary affected them because his felon in possession offense was a victimless crime. "[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to kind of information he may consider, or the source from which it may come," in determining an appropriate sentence. Roberts v. United States, 100 S.Ct. 1358, 1362 (1980) (citation and quotation omitted). And "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

We conclude that the district court abused no discretion in allowing the Wilson and Broxterman statements. The district court determined by a preponderance of the evidence that Duffy had committed the burglary and did so

while possessing a firearm.[3] Because the district court determined that Duffy's

conduct included burglary while possessing a firearm, it concluded that testimony

by Wilson and the Broxtermans about how the burglary impacted on them was

appropriate. Thus, the district court properly considered Duffy's "background,

character, and conduct" in determining an appropriate sentence.[4] 18 U.S.C. §

3661.

AFFIRMED.

---

[3]This determination subjected Duffy to a 4-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6); on appeal, Duffy does not challenge this enhancement.

[4]We decline to address Duffy's argument that Wilson and the Broxtermans could not be considered "crime victims" under 18 U.S.C. § 3771(e); the district court properly heard their testimony under 18 U.S.C. § 3661.